UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Cynthia Wright, ) | Case No. 1:12CV913 |
| Plaintiff, ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | (Magistrate Judge Kenneth S. McHargh) |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |
| ) | REPORT AND RECOMMENDATION |

Now pending is the Defendant's Motion to Dismiss Plaintiff's Untimely Complaint, or in the Alternative, Motion for Summary Judgment. (Doc. 10.)  For the following reasons the undersigned recommends that the Court GRANT the Defendant's Motion.

## I. Procedural History and Background

This case is before the Court pursuant to Local Rule 72.2(b), which automatically refers petitions for the review of Social Security administrative decisions to a Magistrate Judge. Cynthia Wright ("Plaintiff" or "Wright") filed a complaint to contest the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant"), who denied her disability insurance under the Social Security Act.  42 U.S.C. §423. On November 19, 2010, the Administrative Law Judge denied the Plaintiff's application for benefits.  Wright then requested that the Appeals Council review this decision.  On February 11, 2012, the Appeals Council denied her request for review.  This denial made the Administrative Law Judge's decision the final decision of the Commissioner. (Doc. 10, Ex. 2.)  Per the procedures of the Social Security

1

Act, the Plaintiff had until April 16, 2012, to file an appeal in federal district court.  S*ee* [42 U.S.C. §405(g)](#).  Wright contends that she timely filed her complaint with this court on April 16, 2012. ([Doc. 11](#).)  The Defendant asserts that Wright filed her complaint on April 17, 2012. ([Doc. 10](#).)  As a result, the Defendant has moved to dismiss her complaint as untimely.

## II. Standard of Review: 12(b)(6) Motion

The Commissioner seeks to dispose of the Plaintiff's claim under Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure.  A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and examines the sufficiency of the complaint.  [*Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).](#)  But "[t]he federal rules require that if, in a 12(b)(6) motion to dismiss 'matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56…" [*Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010); Fed. R. Civ. P. 12(d).](#)  Because the Commissioner's motion to dismiss relies upon matters outside the pleadings, the Court will only consider the Commissioner's motion for summary judgment.

Summary judgment is appropriate where the entire record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." [Fed. R. Civ. P. 56(a).](#)  The movant has the initial burden of showing the "absence of a genuine issue of material fact" as to an essential element of the non-movant's case.  [*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).](#)  The non-moving party may not rest upon his pleadings, but must come forward with specific facts showing that there is a genuine issue in dispute for trial. [*Celotex Corp v. Catrett*, 477 U.S. 317, 324 (1986).](#)

2

### III. Law and Analysis

The Plaintiff's complaint was untimely filed and the Defendant's Motion should be dismissed based on the following conclusions.

Under 42 U.S.C. §405(g) a Social Security claimant has 60 days to file an appeal in federal court after he/she has received notice of the final decision of the Commissioner. The statute of limitations in §405(g) is not a jurisdictional requirement, but a period of time that can be tolled or extended. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). This provision in §405(g) is "a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims." *Id.* at 481. The regulations presume that a claimant will receive notice of the final decision within five days after the date the notice is issued. *Harris v. Comm'r of Soc. Sec.*, 25 F. App'x 273, (6th Cir. 2011). The 60 day deadline to file a complaint is therefore increased to 65 days. This increase is a direct reflection of the time allowed for the claimant to receive the final decision of the Commissioner by mail.

The Plaintiff's notice of the Commissioner's final decision is dated February 11, 2012. (Doc. 10, Ex. 2.) Based on §405(g), Wright should have filed her complaint on or before April 16, 2012 in order to be considered timely. The Plaintiff argues that her complaint was timely filed because it was faxed to the Court on April 16, 2012. (Doc. 11.) While the Plaintiff's exhibits demonstrate this to be true, there is a distinct problem with these records– the complaint was filed by fax in violation of Local Rule 5.1(a).

According to Federal Rule Civil Procedure 83(a), courts may establish local procedural rules for how they wish to conduct civil proceedings, as long as they are in accordance with the Federal Rules. The local rules for the U.S. District Court for the Northern District of Ohio "govern the conduct of civil proceedings in this Court." LR 1.1(a). Local Rule 5 governs

3


filings with the court. Local Rule 5.1(a) states that "the Clerk's Office will not accept any facsimile transmission unless ordered by the Court." Instead, the court only accepts "papers filed, signed, or verified by electronic means that are consistent with the technical standards…that the Judicial Conference of the United States establishes." *Id.*

There is no record in the docket showing that the Court ordered the Clerk's Office to accept a faxed complaint on behalf of the Plaintiff. Accordingly, the plaintiff was not at liberty to file her complaint by facsimile. The record reveals that the Plaintiff's complaint was properly filed with the Court when it was electronically submitted through the Electronic Court Filing System by the Plaintiff's attorney, Steve Tater, on April 17, 2012, at 8:50 a.m., one day after the statute of limitations expired.[1] (Doc. 1.)

The Sixth Circuit has emphasized strict adherence to the filing requirement for Social Security actions. In *Cook v. Comm'r of Soc. Sec.*, 480 F. 3d 432, 437 (6th Cir. 2007), the Sixth Circuit dismissed a complaint though it was filed only one day late. S*ee Winkleman, v. Comm'r of Soc. Sec.*, No. 3:11cv1926, 2012 WL 1684602, at*2 (N.D.Ohio April 24, 2012). The Court reasoned that while the delay would not create any prejudice to the Commissioner, it could have an effect on the filing system as a whole due to the millions of Americans who apply for Social Security insurance benefits each year. *Cook*, 480 F. 3d at 437.

This same reasoning can be applied to the Plaintiff's claim, which was likewise filed one day late. While exceeding the filing requirement by one day in the Plaintiff's case would not prejudice the Commissioner, it could significantly burden the system because it would make the timing regulation have little effect.

---

[1] Even if the Plaintiff was permitted to file her complaint by fax, the filing was faxed to the wrong office. Plaintiff attached a transmission verification report to her brief, apparently attempting to show that her complaint was faxed on April 16, 2012. (Doc. 11, Ex.1) However, the fax number on that transmission is 216-522-4982, the number for the U.S. Attorney's Office. *Id.* The fax number for the Clerk's Office is 216-357-7040.

There are no circumstances in this case that warrant extending the filing time for the Plaintiff's claim under 20 C.F.R. §§ 404.982, 416.1482. (Doc. 11.) The filing time can be extended following a showing of good cause for failing to comply with the 60 day filing requirement. *Winkleman*, 2012 WL 1684602, at*2. Plaintiff has not presented any facts that warrant extending the 60 day filing requirement. Thus, the undersigned can see no reason why Plaintiff could not have timely instituted this action.

## IV. Recommendation

For the above reasons, the undersigned recommends that the Court find the Plaintiff's complaint untimely filed, and GRANT the Defendant's Motion to Dismiss Plaintiff's Untimely Complaint, or in the Alternative, Motion for Summary Judgment. (Doc. 10.)

Dated:  June 25, 2013.   /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5